IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

Case No. 1:25-cv-426

ROCKEFELLER PHOTOS, LLC,

     Plaintiff,

v.

THE GRANDE AT ANGEL FIRE, L.L.C. and
MICHAEL WOOLLEY LTD. d/b/a REMAX
MOUNTAIN REALTY,

     Defendants.

_____

## **COMPLAINT**

Plaintiff Rockefeller Photos, LLC ("Plaintiff") sues defendants The Grande at Angel Fire, L.L.C. ("The Grande") and Michael Woolley Ltd. d/b/a ReMax Mountain Realty ("Woolley") (collectively, the "Defendants"), and alleges as follows:

## **THE PARTIES**

1.    Plaintiff is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located in Miami-Dade County, Florida.

2.    The Grande is a corporation organized and existing under the laws of the State of New Mexico with its principal place of business located at 44 Sage Lane, Angel Fire, NM 87710. The Grande's agent for service of process is Alex Shatner, 12 Crestview Drive, Suite 6N, Angel Fire, NM 87710.

3.    Woolley is a corporation organized and existing under the laws of the State of New Mexico with its principal place of business located at 3655 Mountain View Blvd., Albuquerque, NM 87710. Woolley's agent for service of process is Michael Woolley, 3655 Mountain View

Blvd., Angel Fire, NM 87710.

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.    This Court has personal jurisdiction over Defendants because they have maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over them would not offend traditional notions of fair play and substantial justice.

6.    Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendants or their agents reside or may be found in this district.  "A defendant 'may be found' in any judicial district to which he would be subject to personal jurisdiction."  Allison v. Wise, 621 F. Supp. 2d 1114, 1118 (D. Colo. 2007); see also McGregor v. In Tune Music Grp., No. 15-62044-CIV-ZLOCH, 2016 U.S. Dist. LEXIS 190302, at *11 (S.D. Fla. July 29, 2016) ("In other words, 'if a court has personal jurisdiction over the defendants in a copyright infringement action, venue in that court's district is proper.'") (quoting Store Decor Div. of Jas Int'l, Inc. v. Stylex Worldwide Indus., Ltd., 767 F. Supp. 181, 185 (N.D. Ill. 1991)).

## FACTS

### I.    Plaintiff's Business and History

7.    Plaintiff is a premier provider of photography and videography in the highly-competitive food and beverage industry. By offering access to tens of thousands of photographs/videos, Plaintiff provides businesses with the opportunity to build brand association/recognition through the use of media tailored to their needs.

8.    Prepared Food Photos, Inc. f/k/a Adlife Marketing & Communications Co., Inc. ("Prepared Food Photos") is one of the customers/photography agencies represented by Plaintiff.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Through its staff of professional photographers, Prepared Food Photos created and owns approximately 18,000 food-related photographs for use by supermarkets, ad agencies, and other professionals needing access to an extensive library of quality photographs.

## II.    The Work at Issue in this Lawsuit

9.    A professional photographer employed by Plaintiff's above-named customer created a photograph titled "LambRack004_ADL" (the "<u>Work</u>").  A copy of the Work is displayed below:



10.    The Work was registered by the above-named customer with the Register of Copyrights on January 30, 2017 and was assigned Registration No. VA 2-046-800. A true and correct copy of the Certificate of Registration pertaining to the Work is attached hereto as **<u>Exhibit "A."</u>**

11.    Plaintiff's above-named customer is the owner of the Work and has remained the owner at all times material hereto.

12.    For all times relevant to this action, Plaintiff and its above-named customer were parties to one or more written agreements whereby such above-named customer conveyed to Plaintiff certain exclusive rights in the Work, including but not limited to the exclusive right to reproduce the Work in copies and the exclusive right to distribute copies of the Work to the public

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

by sale and/or licensing. Such written agreement(s) likewise convey the exclusive right to pursue any infringements of the Work, whether such infringements arose prior to execution of the written agreement(s) or thereafter. As such, Plaintiff is entitled to institute and maintain this action for copyright infringement. See 17 U.S.C. § 501(b).

**III.    Defendants' Unlawful Activities**

13.    The Grande is a luxury condominium complex in Angel Fire, New Mexico.

14.    The Grande advertises/markets its business through its social media (e.g., https://www.facebook.com/thegrandeangelfire/                                        and https://www.instagram.com/thegrandeangelfire/) and other forms of advertising.

15.    Woolley is a real estate agency working in the Angel Fire, New Mexico region which has exclusive listings for The Grande's properties.

16.    Woolley advertises/markets its business through its social media (e.g., https://www.facebook.com/ReMaxMtnRealty and https://www.instagram.com/angelfireremax/) and other forms of advertising.

17.    Upon information and belief, Defendants maintained a contractual relationship whereby Woolley controlled and maintained The Grande's website in connection with the marketing of The Grande's business.

18.    The Grande's website and Facebook page display Woolley's company logo and/or contact information to Woolley's representatives:

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228





19.     On a date after the above-referenced copyright registration of the Work, Defendants displayed and/or published the Work on The Grande's website as a means of advertising,

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

promoting and/or marketing their business (at  https://thegrandeangelfire.com/rack-of-lamb/):



Published April 20, 2017 at 800 × 533 in rack-of-lamb.
← Previous Next →



### Leave a Reply

YOUR EMAIL ADDRESS WILL NOT BE PUBLISHED. REQUIRED FIELDS ARE MARKED *

COMMENT *

NAME *

EMAIL *

WEBSITE

Post Comment

20.     A true and correct copy of screenshots of The Grande's website, webpage, and/or social media, displaying the copyrighted Work, is attached hereto as **Exhibit "B."**

21.     Defendants are not and have never been licensed to use or display the Work.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Defendants never contacted Plaintiff to seek permission to use the Work in connection with the advertising of their business or for any other purpose – even though the Work that was copied is clearly professional photography that would put Defendant on notice that the Work was not intended for public use.

22.     Defendants utilized the Work for commercial use.

23.     Upon information and belief, Defendants located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for their own commercial use.

24.     Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff and/or its above-named customer discovered Defendants' unauthorized use/display of the Work in December 2022. Following such discovery, Plaintiff and/or its above-named customer notified Defendants in writing of such unauthorized use.

25.     Indeed, rather than attempt to negotiate in good faith, The Grande's manager (Alex Shather) responded with threats and profanity to counsel's attempt to resolve the matter pre-suit:

> Stop the bullshit. The Grande At Angel Fire has nothing to do with this. I have contacted my Florida based attorney's and was advised that they see this scam hundreds of times a year. If you do not immediately cease and desist, I will sue you and your client through the worst bulldogs you will ever see in your life. I will also reach out to consumer protection and other regulatory agencies including the Florida Bar Association and file extorsion grievances against you and your client. You are messing with the wrong people.

26.     All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT

27.     Plaintiff re-alleges and incorporates paragraphs 1 through 26 as set forth above.

28.     Each photograph comprising the Work is an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

copyright laws (17 U.S.C. § 101 *et seq.*).

29.    Plaintiff's above-named customer owns a valid copyright in each photograph comprising the Work, having registered the Work with the Register of Copyrights.

30.    Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyrights (as Plaintiff was conveyed certain exclusive rights to reproduce and distribute the Work by the above-named customer).

31.    As a result of Plaintiff and/or its above-named customer's reproduction, distribution, and public display of the Work, Defendants had access to the Work prior to their own reproduction, distribution, and public display of the Work on Defendants' website, webpage, social media, and/or printed media.

32.    Defendants reproduced, distributed, and publicly displayed the Work without authorization from Plaintiff or its above-named customer.

33.    By their actions, Defendants infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501.  Defendants' infringement was either direct, vicarious, and/or contributory.

34.    Defendants' infringement was willful as they acted with actual knowledge or reckless disregard for whether their conduct infringed upon Plaintiff's copyright.

35.    Plaintiff has been damaged as a direct and proximate result of Defendants' infringement.

36.     Plaintiff is entitled to recover its actual damages resulting from Defendants' unauthorized use of the Work and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b)), Plaintiff is entitled to recover damages based on a disgorgement of Defendants' profits from infringement of the Work, which amounts shall be proven at trial.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

37.     Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

38.     Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendants' conduct.

39.     Defendants' conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a.  A declaration that Defendant has infringed Plaintiff's copyrights in the Work;

b.  A declaration that such infringement is willful;

c.  An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for each photograph comprising the Work;

d.  Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e.  Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f.  Permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendants, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Work or to participate or assist in any such activity; and

g.  For such other relief as the Court deems just and proper.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

Dated: May 5, 2025.                  COPYCAT LEGAL PLLC
                                     3111 N. University Drive
                                     Suite 301
                                     Coral Springs, FL 33065
                                     Telephone: (877) 437-6228
                                     dan@copycatlegal.com

                                     By: /s/ Daniel DeSouza
                                         Daniel DeSouza, Esq.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228